Steven Ray Bailey SID# 14887749
Petitioner pro se'
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, Oregon 97914-8335
(541) 881-4639

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

**STEVEN RAY BAILEY,**
              Petitioner,

vs.

**JEAN HILL, Superintendent of the Snake River Correctional institution,**
              Respondent.

Case No. CV'07 - 714 AA

**Petition Under 28 U.S.C. §2254 For Writ of Habeas Corpus by a Person in State Custody**

1. (a) Name and location of the court which entered the judgment of conviction being challenged:

        Lane County Circuit Court
        Lane County Courthouse
        125 East 8th Avenue
        Eugene, OR  97401

    (b) Criminal Docket or case number: 200223229

2. (a) Date of *first* judgment of conviction: Febraury 14, 2003

    (b) Date of *Second* judgment of conviction: August 25, 2003

    (c) Date of *first* sentencing: February 14, 2003

    (d) Date of *Second* sentencing: August 25, 2003

3. Length of sentence: One hundred and sixty (160) months, of incarceration and thirty six (36) months on post-prison supervision.

4. Nature of offenses: Count 1, Assault in the first degree (ORS 163.185); Count 2, Assault in the second degree (ORS 163.175); Count 3, Robbery in the first degree (ORS 164.415); Count 4, Kidnapping in the first degree (ORS 163.235); Count 5, Felon in possession

1  of a firearm (ORS 166.270); Count 6, Felon with a firearm, (ORS 166.270) Count 7, Animal

2  abuse in the second degree (ORS 167.315).

3      **5.** What was your plea? Guilty, to the lesser included offense of Count 1, Attempted

4  assault in the first degree (ORS 163.185/161.405) and Count 4, Kidnapping in the first degree

5  (ORS 163.235).

6  **II.   EXHAUSTION OF STATE REMEDIES**

7      1. Did you directly appeal from the judgment of conviction? No.

8      2. Provide an explanation of why you did not file a direct appeal:

9      I requested my attorney file a notice of appeal on my behalf, to the best of my knowledge

10  he did not do so, so no appeal was initiated. I spoke to Oregon Public Defenders office

11  November 6, 2003. I asked what the status of my appeal was and was told no notice of appeal

12  was filed within ninety days of the conviction as required by law, and that I should initiate post-

13  conviction proceedings.

14  **III.   POST-CONVICTION RELIEF**

16      1. Did you file a petition for state post-conviction relief Yes.

17      (a) Name of court:

18          Malheur County Circuit Court
19          Oregon Judicial Department
20          Circuit Court
21          Malheur County
22          P.O. Box 670
23          Vale, Oregon 97918

25      (b) Nature of proceeding: Petition for Post-Conviction Relief.

26      (c) Did you receive an evidentiary hearing? No, it was denied.

27      (d) Result: Denied.

28      (e) Date of result and citation or case number, if known: Bailey v. Hill, Malheur County

29  Circuit Court Case No. 03113282M.

1   (f) Grounds raised:

2   Petitioner by and through counsel alleged that he was denied effective assistance of trial
3   counsel in violation Article 1, Section 11 of the Oregon State Constitution and the 6th
4   Amendment of the U.S. Constitution, made applicable to the states by the 14th amendment to the
5   United States Constitution and <u>Strickland v. Washington</u> in the following manner:

6   (a) Trial counsel failed to keep Petitioner appraised of the progress of his case and the
7   discovery obtained to allow Petitioner to aid and assist in his defense;

8   (b) Trial counsel failed to properly inform Petitioner of the consequences of the charges;

9   (c) Trial counsel coerced Petitioner into entering the plea agreement by informing
10  Petitioner that the sentences would run concurrent or would merge;

11  (d) Trial counsel failed to inform Petitioner of the possibility of restitution until after
12  Petitioner had entered the plea in court. Trail counsel further failed to object to the addition of
13  restitution to the judgment and failed to request Petitioner's presence in court when the judgment
14  was modified;

15  (e) Trial counsel failed to clearly explain to Petitioner potential results of going to trial
16  nor did trial counsel inform Petitioner of the strengths and weaknesses of his case prior to
17  Petitioner's change of plea;

18  (f) Trial counsel failed to investigate or interview Brett Cole, a key witness who would
19  have provided testimony in support of Petitioner's defense;

20  (g) Trial counsel failed to file a motion to suppress evidence obtained without a warrant;

21  (h) Trial counsel failed to investigate the facts of the case prior to encouraging Petitioner
22  to accept the negotiated plea agreement;

23  (i) Trial counsel failed to file a notice appeal for Petitioner despite the fact that he
24  informed Petitioner that he would do so;

1      (j) Trial counsel failed to object to the restitution order despite the fact that the prosecutor
2  filed the notice of restitution after the court imposed deadline.

3      Petitioner further alleges that he was denied due process under the law in violation of
4  Article 1, Section 10 of the Oregon Constitution and the Due Process Clause of the 14th
5  Amendment of the U.S. Constitution in the following manner;

6      a. The trial court amended Petitioner's judgment without providing Petitioner notice and
7  opportunity to be heard; and

8      b. Trial court denied Petitioner's Motion for Expert Expense to permit Petitioner to hire a
9  forensic expert to assist in his defense.

10     **2.** Did you appeal the result of your state post-conviction proceeding? Yes.

11     1. Name of court:

12             Oregon Court of Appeals
13             Supreme Court Building
14             1163 State Street NE
15             Salem, OR  97301-2563
16

17     2. Result: Affirmed without opinion.

18     3. Date of result and citation, if known: Bailey v. Hill, Malheur County Circuit Court Case
19         No. 03-11-3282-M, Oregon Court of Appeals Case No. A127370, (October 4, 2006).

20     4. Grounds raised: First assignment of error: The post-conviction court erred in denying
21         petitioner relief where petitioner felt pressured by his attorney; and Second assignment of
22         error: The post-conviction court erred in concluding that Petitioner was not denied
23         adequate and effective assistance of counsel where counsel failed to object to the
24         restitution order filed after the court imposed deadline.

25  A. Did you seek further review of the decision on appeal by a higher state court? Yes.

26     1. Name of court:

1  Oregon Supreme Court
2  Supreme Court Building
3  1163 State Street NE
4  Salem, OR  97301-2563

6      2.  Result: Denied.

7      3.  Date of result and citation, if known: Bailey v. Hill, Malheur County Circuit Court Case
8          No. 03-11-3282-M, Oregon Court of Appeals Case No. A127370; Oregon Supreme Court
9          Case No. S054210 (January 10, 2007).

10     4.  Grounds raised: Trial counsel is inadequate and ineffective where counsel informs a
11         defendant that he must plead to crimes the defendant insists to counsel that he did not
12         commit; and Trial counsel is inadequate and ineffective where counsel fails to object to a
13         restitution order where the state has filed an untimely restitution request.

**IV.   GROUNDS FOR RELIEF**

A. Ground One: Trial court counsel acted in bad faith and incompetence in that he provided constitutionally inadequate and ineffective assistance in violation of Article 1, Section 11 of the Oregon State Constitution and the 6th Amendment of the U.S. Constitution, made applicable to the states by the 14th amendment to the United States Constitution and <u>Strickland v. Washington</u>.

    1. Supporting Facts: (a) Trial counsel failed to keep Petitioner appraised of the progress of his case and the discovery obtained to allow Petitioner to aid and assist in his defense;

    (b) Trial counsel failed to properly inform Petitioner of the consequences of the charges;

    (c) Trial counsel coerced Petitioner into entering the plea agreement by informing Petitioner that the sentences would run concurrent or would merge;

    (d) Trial counsel failed to inform Petitioner of the possibility of restitution until after Petitioner had entered the plea in court. Trail counsel further failed to object to the addition of restitution to the judgment and failed to request Petitioner's presence in court when the judgment

was modified;

(e) Trial counsel failed to clearly explain to Petitioner potential results of going to trial nor did trial counsel inform Petitioner of the strengths and weaknesses of his case prior to Petitioner's change of plea;

(f) Trial counsel failed to investigate or interview Brett Cole, a key witness who would have provided testimony in support of Petitioner's defense;

(g) Trial counsel failed to file a motion to suppress evidence obtained without a warrant;

(h) Trial counsel failed to investigate the facts of the case prior to encouraging Petitioner to accept the negotiated plea agreement;

(i) Trial counsel failed to file a notice appeal for Petitioner despite the fact that he informed Petitioner that he would do so;

(j) Trial counsel failed to object to the restitution order despite the fact that the prosecutor filed the notice of restitution after the court imposed deadline. See Petition for Post-Conviction relief.

B. Ground Two: The Trial Court denied me due process under the law in violation of Article 1, Section 10 of the Oregon Constitution and the Due Process Clause of the 14th Amendment of the U.S. Constitution.

1. Supporting Facts: a. The trial court amended Petitioner's judgment without providing Petitioner notice and opportunity to be heard; and b. Trial court denied Petitioner's Motion for Expert Expense to permit Petitioner to hire a forensic expert to assist in his defense. See Petition for Post-Conviction relief

C. Ground Three: The post-conviction court erred in denying petitioner relief where petitioner felt pressured by his attorney, in violation of Article 1, Section 11 of the Oregon State Constitution and the 6th Amendment of the U.S. Constitution, made applicable to the states

1  by the 14th amendment to the United States Constitution and <u>Strickland v. Washington</u>.

2     1. Supporting Facts: See Appellate brief for Post-Conviction proceeding.

3  D. Ground Four: The post-conviction court erred in concluding that Petitioner was not denied adequate and effective assistance of counsel where counsel failed to object to the restitution order filed after the court imposed deadline, in violation of Article 1, Section 11 of the Oregon State Constitution and the 6th Amendment of the U.S. Constitution, made applicable to the states by the 14th amendment to the United States Constitution and <u>Strickland v. Washington</u>.

9     1. Supporting Facts: See Appellate brief for Post-Conviction proceeding.

10 E. Ground Five: Trial counsel is inadequate and ineffective where counsel informs a defendant that he must plead to crimes the defendant insists to counsel that he did not commit, in violation of Article 1, Section 11 of the Oregon State Constitution and the 6th Amendment of the U.S. Constitution, made applicable to the states by the 14th amendment to the United States Constitution and <u>Strickland v. Washington</u>.

15    1. Supporting Facts: See Petition for Supreme Court Review of Post Conviction Proceedings.

17 F. Ground Six: Trial counsel is inadequate and ineffective where counsel fails to object to a restitution order where the state has filed an untimely restitution request, in violation of Article 1, Section 11 of the Oregon State Constitution and the 6th Amendment of the U.S. Constitution, made applicable to the states by the 14th amendment to the United States Constitution and <u>Strickland v. Washington</u>.

22    1. Supporting Facts: See Petition for Supreme Court Review of Post Conviction Proceedings.

## V. OTHER INFORMATION

A. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

1. At preliminary hearing: William R. Sharp OSB#78374.

2. At arraignment and plea: William R. Sharp OSB#78374.

3. At trial: Not applicable.

4. At sentencing: William R. Sharp OSB#78374.

5. On appeal: None taken.

6. In any post-conviction proceeding: Marc D. Brown OSB#03082.

7. On appeal from any adverse ruling in a post conviction proceeding: Partrick M. Ebbett OSB#97051.

B. Is this the first *federal* petition for writ of habeas corpus challenging this conviction? Yes.

C. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? No.

D. This petition for writ of habeas corpus was placed in the Snake River Correctional Institution mail to the United States District Court, on this _____ day of _____2007.

WHEREFORE, petitioner prays that the court will grant such relief to which he or she may be entitled to in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

_____
Signature of Attorney (if any)

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this ___9___ day of ___MAY___ 2007.

*[signature: Steven Bailey]*

Steven R. Bailey SID#14887749,
*Petitioner*