FILED'09 APR 20 12:48USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN RAY BAILEY,                                  Civ. No. 07-714-AA

       Petitioner,                              OPINION AND ORDER

  v.

JEAN HILL, Superintendent,
Snake River Correctional
Institution,

       Respondent.

---

Nell Brown
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, OR 97204
    Attorney for Petitioner

Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97310
    Attorney for Respondent

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Petitioner Steven Ray Bailey, an inmate at Snake River Correctional Institution, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that he received ineffective assistance of counsel when his attorney failed to object to the restitution imposed after he pled guilty to attempted assault and first-degree kidnaping. Respondent maintains that this court lacks jurisdiction over petitioner's claim because restitution does not meet the "in custody" requirement of § 2254. Respondent further argues that petitioner failed to exhaust his state court remedies and now his claim is barred by procedural default. I agree with respondent on both issues and deny the petition.

## I. BACKGROUND

On February 14, 2003, petitioner pled guilty in Lane County Circuit Court to attempted assault in the first degree and kidnaping in the first degree with a firearm enhancement. During the change of plea and sentencing hearing, the state requested additional time to file a restitution schedule. Respondent's Ex. 103. The judge ordered that restitution be imposed within two weeks, and gave petitioner's trial counsel ten days to object after the restitution was imposed. Respondent's Ex. 103. The state filed the restitution schedule on March 4, 2003 and an Amended Judgment was issued on March 13, 2003. Petitioner's trial counsel

2 - OPINION AND ORDER

did not object to the restitution schedule nor the fact that it was filed more than two weeks after the sentencing hearing. A Second Amended Judgment was filed on August 24, 2003 to reflect that petitioner pled guilty to attempted assault and not the completed crime of assault.

Petitioner did not appeal the convictions. In April 2004, petitioner filed a petition for post-conviction relief ("PCR") in Malheur County Circuit Court. Respondent's Ex. 104. He argued, inter alia, that his court-appointed trial counsel, William Sharp, failed to object to the restitution imposed in the amended judgement, even though it was filed after the deadline set by the court during the change of plea and sentencing hearing. Respondent's Ex. 103.

After a hearing on January 11, 2005, the PCR court rejected petitioner's claims in a judgment issued on January 14, 2005. Respondent's Ex. 151. Petitioner appealed that denial of relief to the Oregon Court of Appeals, which affirmed without opinion on October 4, 2006. Respondent's Ex. 154. Petitioner then submitted a petition for review to the Oregon Supreme Court, which denied review on January 10, 2007. Respondent's Ex. 155.

On May 14, 2007, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner limits his claim to the argument that his trial counsel failed to object to the imposition of restitution as contrary to Oregon law and that

3 - OPINION AND ORDER

this failure constitutes ineffective assistance of counsel.

### III. DISCUSSION

The text of 28 U.S.C. § 2254(a) reads:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

As stated, a person may bring a petition only when the basis for the claim is one that puts him "in custody." The relevant question here is whether a claim for ineffective assistance of counsel concerning restitution is one under which petitioner is or can be in custody as envisioned by § 2254.

A person is "in custody" for purposes of habeas corpus relief when there is a significant restraint on the defendant's individual liberty. Hensley v. Municipal Court, 411 U.S. 345, 351 (1973). "While the 'in custody' requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed." Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003) (citing Maleng v. Cook, 490 U.S. 488, 490-92 (1989)).

It is well established that imposition of a fine does not render the recipient "in custody" for purposes of habeas relief under § 2254. See Edmunds v. Won Bae Chang, 509 F.2d 39, 41-42 (9th Cir. 1975); Bostwick v. Hall, No. 18-199, 2008 WL 4375615 at

4 - OPINION AND ORDER

*2-3 (D. Or. Sept. 25, 2008). Even at the point at which failure to pay the fine can lead to imprisonment, the defendant must show that payment of the fine is somehow out of the defendant's control, among other factors, for him to be considered in custody. See e.g., Dremann v. Francis, 828 F.2d 6, 7 (9th Cir. 1987).

Similarly, the court lacks jurisdiction to hear restitution challenges after a sentence of imprisonment and supervision has been fully served. Obado v. New Jersey, 328 F.3d 716 (3d Cir. 2003). Even if a prisoner works in a state prison facility to fulfill a restitution obligation, the constraints on state prison laborers do not constitute a significant enough restraint on individual liberty to be deemed "in custody" under § 2254 when the defendant was not incarcerated for the restitution challenged in that action. Kroncke v. Schriro, 2008 WL 5082121, *4 (D. Az. Nov. 26, 2008).

Likewise, the Ninth Circuit has held that an incarcerated defendant who collaterally challenges a restitution order is not "in custody" for purposes of 28 U.S.C. § 2255, since the amendment or vacation of the restitution will not affect the defendant's sentence of imprisonment. United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999). Further, even if the petitioner simultaneously challenges the judgment of conviction, a restitution claim is not one that seeks release from custody and is not allowed under § 2255. United States v. Thiele, 314 F.3d 399, 402 (9th Cir.

2002) ("Claims seeking release from custody can be brought under § 2255; claims seeking other relief cannot."); see Bryant v. Carey, 2008 WL 4826134, *14 (E.D. Cal. Nov. 6, 2008) (applying the holding of Thiele to the "in custody" requirement of § 2254).

Petitioner emphasizes that he is not asserting a collateral challenge to the restitution order itself; he argues that his trial counsel's performance was deficient because he failed to object to the restitution imposed. However, respondent is correct that the court lacks jurisdiction over petitioner's claim because his restitution claim, even clothed in an ineffective assistance of counsel argument, does not render him "in custody" for purposes of § 2254. See Thiele, 314 F.3d at 402 ("Nor does it matter that [petitioner] couched his restitution claim in terms of ineffective assistance of counsel."). If the court granted petitioner relief from the restitution order, it would not affect the duration of his sentence. In addition, petitioner is not "in custody" based on the failure to pay restitution for a reason outside of his control. Therefore, the court lacks jurisdiction to rule on petitioner's restitution habeas claim.

Even if the court had jurisdiction over this claim, petitioner cannot obtain relief because he did not exhaust his state court remedies. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state habeas petitioner must exhaust all available state court remedies - either on direct appeal or through

6 - OPINION AND ORDER

collateral proceedings - before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982). In so doing, a state prisoner must fairly present the federal claim to the highest state court and "include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 163-64 (1996); Picard v. Connor, 404 U.S. 270, 277-78 (1971) (a claim is "fairly presented" if the petitioner described to the state court both the operative facts and the federal legal theories on which the federal claim is based). Federal courts may not review claims that were not exhausted and are now procedurally barred from being presented to the state's highest court, unless the petitioner is able to show cause for the default and prejudice resulting from the alleged violations. Gray, 518 U.S. at 162, 165; Coleman v. Thompson, 501 U.S. 722, 749-50 (1991).

Review of the state court record reveals that in appealing the denial of his PCR petition, petitioner consistently raised the claim of ineffective assistance of trial counsel for failure to object to the imposition of restitution based on the fact that the restitution order was imposed later than the deadline given by the trial court. Resp. Exs. 104, 152, 154. Petitioner now claims that his counsel was ineffective, not for failing to object to the tardiness of the restitution order, but for failing to recognize

7 - OPINION AND ORDER

Oregon law that may preclude imposing restitution under the sentence. While the overarching federal theory of ineffective assistance of counsel is the same, petitioner's § 2254 claim arises out of a separate and different set of operative facts. Consequently, petitioner did not exhaust his state remedies with respect to the federal claims alleged in his § 2254 petition. Petitioner is now procedurally barred from doing so. Petitioner additionally fails to allege a cause for this procedural default nor resulting prejudice. Therefore, review of petitioner's claim is barred.

## CONCLUSION

For the reasons set forth above, petitioner's petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (doc. 2) is DENIED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 17 day of April, 2009.

_____
Ann Aiken
United States District Judge